IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY E. GRESHAM, | Case No. 1:19-cv-327 |
| Petitioner | UNITED STATES DISTRICT JUDGE SUSAN PARADISE BAXTER |
| v. | UNITED STATES MAGISTRATE JUDGE RICHARD A. LANZILLO |
| WARDEN FCI MCKEAN, | |
| Respondent | REPORT AND RECOMMENDATION |

I.  Recommendation

It is respectfully recommended that the petition for a writ of habeas corpus filed by federal prisoner Wesley E. Gresham[1] (Petitioner) pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction.

II. Report

  A. Background

On February 28, 2017, Petitioner pleaded guilty in the United States District Court for the Northern District of Ohio (the "sentencing court") to: Conspiracy to Possess with Intent to Distribute Heroin in violation of 18 U.S.C. § 841(b)(1)(B) and 846 (Count One); Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts Two through Fourteen); and Use of a Communication Facility to Facilitate Acts Constituting a Felony in violation of 21 U.S.C. § 843(b) (Counts Fifteen through Twenty-one). ECF No. 7-2 at 3. On June 6, 2017, the sentencing court sentenced Petitioner to a term of

---

[1] Petitioner is incarcerated at FCI-McKean, a federal correctional institution located within the territorial boundaries of the Western District of Pennsylvania. The Warden of FCI-McKean is the Respondent in this action.

1

incarceration of 120 months followed by seven years of supervised release. *Id*. In so doing, the sentencing court classified Petitioner as a career offender under U.S.S.G. § 4B1.1 because he had at least two felony convictions for controlled substance offenses. *See* ECF No. 7-5 at 3. Petitioner did not file a direct appeal. *Id*.

On August 2, 2017, Petitioner filed a motion with the trial court to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 7-4. Petitioner challenged, *inter alia*, his designation as a career offender under U.S.S.G. § 4B1.1, arguing that "simple possession of drugs/narcotics" is not a controlled substance offense for purposes of that provision. *Id.* at 3. The sentencing court rejected each of his arguments and denied relief, noting that Petitioner's challenge to his career offender designation was both meritless and not cognizable in a § 2255 proceeding because of his failure to raise that issue on direct appeal. ECF No. 7-5 at 6-7. *See also Gresham v. United States*, 2019 WL 1382435 (N.D. Oh. Mar. 22, 2019). Petitioner did not file an appeal.

The instant petition ensued. In his petition, Petitioner relies on the Court of Appeals for the Sixth Circuit's decision in *United States v. Powell*, 781 Fed. Appx. 487 (6th Cir. 2019). ECF No. 1 at 14. As explained by Petitioner:

> [T]he Sixth Circuit Court of Appeals held in [*Powell*] that O.R.C. §2925.03 no longer qualifies as a controlled substance offense because the least culpable conduct covered the statute is attempted delivery of a controlled substance. Due to the Sixth Circuit's en banc decision, Petitioner's sentence is not authorized by substantive law.

*Id*. In response, Respondent maintains that Petitioner's petition must be dismissed for lack of jurisdiction. ECF No. 7. This matter is fully briefed and ripe for disposition.[2]

---

[2] This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

2

B.     Discussion

For federal prisoners, "[t]he 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010); *see also Cardona v. Bledsoe*, 681 F.3d 533, 535-38 (3d Cir. 2012). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." *Cardona*, 681 F.3d at 535. Section 2255 motions must be filed in the federal district court that imposed the conviction and sentence the prisoner is challenging. 28 U.SC. § 2255(a). In contrast, a habeas corpus action pursuant to § 2241 must be brought in the custodial court – i.e., the federal district court in the district in which the prisoner is incarcerated. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).[3]

Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners may challenge the <u>validity</u> of their conviction or sentence on collateral review. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (emphasis added). By enacting § 2255, Congress provided "[a] new remedial mechanism" to "replace[] traditional habeas corpus for federal prisoners (at least in the first instance) with a process that allowed the prisoner

---

[3] Section 2241 petitions must be filed in the district in which the prisoner is incarcerated because:

> [t]he prisoner must direct his [§ 2241] petition to "the person who has custody over him." § 2242; *see also Wales v. Whitney*, 114 U.S. 564, 574, 5 S. Ct. 1050, 29 L. Ed. 277 (1885); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973). Longstanding practice under this immediate custodian rule "confirms that in habeas challenges to present physical confinement...the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S. Ct. 2711, 159 L.Ed.2d 513 (2004). And under the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians "within their respective jurisdictions." § 2241(a); *see also Braden*, 410 U.S. at 495, 93 S. Ct. 1123 ("[T]he language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian.").

*Bruce*, 868 F.3d at 178.

to file a motion with the sentencing court on the ground that his sentence was, *inter alia*, imposed in violation of the Constitution or laws of the United States." *Boumediene v. Bush*, 553 U.S. 723, 774 (2008) (internal quotation marks omitted).  The statute's "sole purpose was to minimize the difficulties encountered in [traditional] habeas corpus hearings by affording the same rights in another and more convenient forum."  *Hayman*, 342 U.S. at 219; *see also Hill v. United States*, 368 U.S. 424, 427, 428 n.5 (1962).  Thus, "a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255."  *Bruce*, 868 F.3d at 178.

As for § 2241, that statute "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the <u>execution</u> of his sentence."  *Cardona*, 681 F.3d at 535 (internal quotations and citations omitted) (emphasis added); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean the manner in which it is "put into effect" or "carr[ied] out").  Two types of claims may ordinarily be litigated in a § 2241 proceeding.  First, a prisoner may challenge conduct undertaken by the Federal Bureau of Prisons (the "BOP") that affects the duration of his custody.  For example, a prisoner can challenge the manner in which the BOP is computing his federal sentence, *see*, *e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008).  Secondly, a prisoner can challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment."  *Cardona*, 681 F.3d at 536; *Woodall*, 432 F.3d at 243.  The prisoner must "allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."  *Cardona*, 681 F.3d at 536-37 (noting that the phrase "execution of the

sentence" includes claims "that the BOP was not properly 'putting into effect' or 'carrying out' the directives of the sentencing judgment.") (internal quotations and alterations omitted).

Petitioner's claims in the instant § 2241 action do not fall into either of these categories. Rather than attacking the execution of his sentence, Petitioner contends that the sentencing court erred in sentencing him as a career offender under the Sentencing Guidelines. As recounted above, § 2255 ordinarily prohibits a court from entertaining a § 2241 petition filed by a federal prisoner challenging the validity of his underlying conviction or sentence. There is, however, one important statutory exception: where it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision, commonly referred to as § 2255's "savings clause," forms the lone potential basis for Petitioner's claims in the instant case. *Bruce*, 868 F.3d at 174, 178-79.

Since the amendments to AEDPA were enacted in 1996, the Court of Appeals for the Third Circuit has only recognized one circumstance in which § 2255's remedy has been deemed "inadequate or ineffective": when a prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). In *Dorsainvil*, the inmate-petitioner, Ocsulis Dorsainvil, had been convicted of using a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) despite the fact that he did not "use" the gun; it was merely present in the car from which the drugs were sold. After Dorsainvil had already litigated his initial (unsuccessful) § 2255 motion, the United States Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), in which it held that the "use" prong of § 924(c)(1) applied only to "active employment of the firearm," as opposed to mere possession. *Bailey*, 516 U.S. at 144. Dorsainvil applied to the Third Circuit for permission to file a second or successive § 2255

5

petition, arguing that *Bailey* had rendered noncriminal the conduct for which he had been convicted.  However, as noted above, § 2255 requires that a second or successive § 2255 motion be based on either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *See* 28 U.S.C. § 2255(h).  Because *Bailey* involved a new <u>statutory</u> rule, rather than "a new rule of <u>constitutional</u> law," the Third Circuit had no choice but to deny his request. *Dorsainvil*, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255) (emphasis added).  The Court lamented, however, that "Dorsainvil [did] not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the *Bailey* decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1)." *Id*. at 250-51.  Deeming it a "complete miscarriage of justice to punish a defendant for an act that the law does not make criminal," the Court concluded that § 2255 was "inadequate or ineffective to test the legality of [Dorsainvil's] detention." *Id*. at 251 (internal quotations omitted; brackets in original).  Thus, "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review," a petitioner "may seek another round of post-conviction review under § 2241." *Bruce*, 868 F.3d at 179.

In its recent decision in *Bruce*, the Court of Appeals for the Third Circuit set forth the two conditions that a federal prisoner must satisfy in order to take advantage of § 2255's savings clause under *Dorsainvil*.  "First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision – in other words, when there is a change in statutory caselaw that applies

6

retroactively in cases on collateral review." *Bruce*, 868 F.3d at 180 (internal quotations omitted). "[S]econd, the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" *Id.* (quoting *U.S. v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)).

In the instant case, Petitioner has failed to satisfy the first of these conditions. Petitioner does not claim that he was convicted of conduct that was subsequently decriminalized by a change in the law – that is, that he is now retroactively innocent of the underlying drug violations. Rather, he is challenging the applicability of a sentencing enhancement. Although the Third Circuit has yet to address the issue in a precedential opinion, courts in this Circuit, including the Court of Appeals, have repeatedly held that district courts lack jurisdiction to consider such claims under § 2241. *See*, *e.g.*, *Scott v. Shartle*, 574 Fed. Appx. 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241.") (citing *Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002)); *United States v. Brown*, 456 Fed. Appx. 79, 81 (3d Cir. 2012) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. [Petitioner] has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of [a sentencing enhancement]."); *McGee v. Ebbert*, 2019 WL 6339898, at *2 (M.D. Pa. Nov. 1, 2019) ("The Third Circuit has consistently held that the challenges of federal inmates attacking sentencing enhancements cannot be raised by means of a Section 2241 petition and a district court does not have Section 2241 jurisdiction to reexamine the decisions of the federal sentencing court.") (collecting cases). Because Petitioner

is not alleging that he is being detained for conduct that has been rendered non-criminal by an intervening decision of statutory construction issued by the United States Supreme Court, this action does not fall within § 2255's savings clause and this Court lacks jurisdiction to consider his claims.

III.   Conclusion

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed, with prejudice.[4]

IV.   Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: October 4, 2021

---

[4] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter.  Williams v. McKean, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).